UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELIZABETH BROOKS,

    Plaintiff,

  v.

THE ROBERT LARSON AUTOMOTIVE GROUP, INC., et al,

    Defendants.

Case No. C09-5016 FDB

ORDER ON MOTION TO COMPEL ARBITRATION

This matter comes before the Court on Defendants' Motion to Dismiss and Compel Arbitration. The Court, having reviewed the pleadings and the record herein, is fully informed and finds that the motion should be rerserved until and unless it is established that the subject arbitration agreement was in fact signed by the Plaintiff.

**Introduction and Background**

Plaintiff Elizabeth Brooks filed the instant lawsuit against defendants alleging discrimination in employment. The Defendants move to dismiss the action and enforce an arbitration agreement that it asserts was duly signed by Plaintiff. Plaintiff has countered, raising three arguments: (1) the arbitration agreement is a fraud as she believes the signature on the

ORDER - 1

agreement is not hers and is a forged copy, (2) a Washington statute referenced in the arbitration agreement has been repealed and thus the arbitration agreement is unenforceable, and (3) the Defendants waived the right to enforce arbitration.

**Federal Arbitration Act**

The Federal Arbitration Act (FAA) creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983). The FAA applies to any "written provision in ... a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Pursuant to the FAA, arbitration agreements are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The district court is very limited in its power to refuse a motion to compel arbitration. The FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). Thus, agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement. Such grounds for revocation include "generally applicable contract defenses, such as fraud, duress, or unconscionability." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996). Waiver of the arbitration clause is also a possible defense. Moses H. Cone Mem'l Hosp., 460 U.S. at 25.

The standard for demonstrating arbitrability is not high. The FAA leaves no place for the exercise of discretion, but mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. Simula, Inc. v. Autoliv, Inc. 175 F.3d 716, 719 (9th Cir. 1999); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). The court's only role when presented with a question of arbitrability is to determine (1) whether a valid arbitration agreement exists and (2) whether the scope of the parties' dispute falls within that agreement. See, 9 U.S.C. § 4; Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th

ORDER - 2

Cir. 2000).

The Plaintiff does not dispute that the scope of the parties' dispute falls within the arbitration agreement. The issue before the Court is whether a valid binding arbitration agreement exists.

**Reference to Repealed State Law**

Plaintiff's first contention is that the arbitration agreement is unenforceable because it makes reference to the former version of the Washington Uniform Arbitration Act, RCW 7.04.010 *et seq.*, which has been replaced with RCW 7.04A.010 *et seq*.

The reference to a prior statute does not invalidate the arbitration agreement. Although RCW 7.04.010 may no longer govern statutorily mandated arbitrations in Washington, its repeal does not preclude its application to a contractual arbitration. Plaintiffs assertion that the Washington statute excludes employment disputes from arbitration is incorrect. RCW 7.04A.030(4) excludes employment disputes from the mandatory application of arbitration. There is no prohibition of contractual arbitration of employment disputes, nor the incorporation of statutory provisions into an arbitration agreement.

**Waiver**

Plaintiff asserts that Defendants waived the right to enforce the arbitration agreement by submitting to the present litigation.

A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir.1986). Prejudice in this context may consist of expense, duplication of effort in separate forums, or advantage to the other party. Mitsui & Co. (USA) v. C & H Refinery, Inc., 492 F. Supp. 115, 118-20 (N.D.Cal.1980). "Because waiver of the right to arbitration is disfavored, any party arguing waiver of arbitration bears a heavy burden of proof." Fisher, at 694.

ORDER - 3

Plaintiff claims that Defendants knew about their right to arbitrate and that they failed to file a motion to compel arbitration until six months after the case was filed in federal court. This six-month delay, according to Plaintiff, should be interpreted as an act inconsistent with Defendants' right to arbitration. Plaintiff asserts that she has been prejudiced by having borne the costs of litigation.

Although waiver of arbitration is a disfavored finding, waiver may be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 496-7 (5th Cir. 1986). Unsurprisingly, courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration. Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005).

Plaintiff cites no case where the filing of pre-trial pleadings and limited discovery, as here, were found to constitute acts inconsistent with that existing right to compel arbitration. The case law is to the contrary. See e.g., Williams v. Cigna Fin. Advisors, 56 F.3d 656, 661-62 (5th Cir. 1995) (no waiver where defendant filed a motion to dismiss and a motion to stay the proceedings, answered the complaint, asserted a counterclaim and exchanged discovery); Rush v. Oppenheimer & Co., 779 F.2d 885, 888 (2nd Cir. 1985) (motion to dismiss does not waive the right to arbitrate); Creative Telecomms., Inc. v. Breeden, 120 F. Supp.2d 1225, 1232 (D. Haw.1999) ("Courts have found that the filing of a complaint, an answer, a counterclaim or a third-party complaint does not waive the right to pursue arbitration."). See in contrast, PPG Indus., Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107 (2nd Cir. 1997) (concluding that "a party waives its right to arbitration when it engages in protracted litigation that prejudices the opposing party") (emphasis added); Great W. Mortgage Corp. v. Peacock, 110 F.3d 222, 233 (3d Cir.1997) ("Indeed, a party waives the right to compel arbitration only in the following circumstances: when the parties have engaged in a lengthy

ORDER - 4

course of litigation, when extensive discovery has occurred, and when prejudice to the party resisting arbitration can be shown).

Plaintiff has simply not demonstrated Defendants engaged in conduct inconsistent with the right to compel arbitration or that Plaintiff has been prejudiced by Defendants conduct. Defendants have not waived the right to compel arbitration.

**Fraud or Forgery**

Plaintiff alleges that the parties did not agree to arbitrate the dispute because she never signed the arbitration agreement. She alleges that her signature was forged.

State-law contract defenses like fraud or forgery may invalidate arbitration agreements. 9 U.S.C. § 2; Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992). Where a party to a purported arbitration agreement attacks the very existence of the agreement, it is for the court to decide whether the agreement was formed, not the arbitrator. Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1140 (9th Cir. 1991); Matter of Arbitration Between Nuclear Elec. Ins. Ltd. & Cent. Power & Light Co., 926 F. Supp. 428, 434 (S.D. N.Y. 1996) (Where a party claims that it never actually manifested assent to a contract containing an agreement to arbitrate-for example, because its signature was forged on the contract, that party cannot be forced to arbitrate until it is first established by a court that the party willingly manifested assent to the underlying contract).

Plaintiff first asserts that the date of the arbitration agreement does not correspond with the date of her employment and thus, calls into question the validity of the arbitration agreement. Defendants have refuted this assertion with documentary evidence concerning the hiring practices of Defendants and the sequence of events in Plaintiff's hiring process. The fact that Defendants did not countersign the arbitration agreement until a date subsequent to Plaintiff's signing is irrelevant to the validity of the arbitration agreement. Plaintiff's timing argument lacks merit and does not support a claim of forgery or fraud.

ORDER - 5

More significant is Plaintiff's signed declaration, under penalty of perjury, stating that she did not sign the arbitration agreement, that it does not contain her signature, and that she believes her purported signature is fraudulent and her initials fabricated.

The Defendants strenuously dispute this allegation and have put forth evidence tending to establish that the signature of Plaintiff on the arbitration agreement is virtually identical to Plaintiff's uncontested signature on other documents. Plaintiff's evidence of forgery consists only of Plaintiff's sworn statements that the signature is not hers. The Court finds Plaintiff's denial colorable. Plaintiff has put the validity of the arbitration agreement "in issue." See Cadaval v. Dean Witter Reynolds, Inc., 703 F. Supp. 922, 924 (S.D. Fla. 1989) (Customers' allegations that signatures on arbitration agreements with broker might be forgeries were insufficient to support finding that arbitration agreement was invalid; no affidavit or other evidence was submitted stating that signatures were forged).

At this stage in the proceedings, the Court is unable to make a factual determination based on the credibility of Plaintiff's testimony. That is a matter for a jury. See 9 U.S.C. § 4.

The Court, nonetheless, considers the allegation of fraud/forgery, as opposed to the possibility of perjury, a serious matter and will consider the imposition of appropriate terms as a sanction at the conclusion of trial. See Fed. R. Civ P. 11.

**Conclusion**

For the reasons stated above, the Court RESERVES ruling on the Defendants' motion to compel arbitration pending a jury trial on the question of forgery. Plaintiff is entitled to a separate trial to determine whether Plaintiff signed the arbitration agreement pursuant to 9 U.S.C. § 4. Accordingly, if the jury determines that the Plaintiff's signature on the subject arbitration agreement was forged, then the court must rule that there is no arbitration agreement and that none of the Plaintiff's claims should be compelled to arbitration. If the jury finds no forgery, then the Defendants are entitled to a grant of their motion to dismiss and compel arbitration.

ORDER - 6

ACCORDINGLY;

IT IS ORDERED:

(1) Defendants' Motion to Dismiss and to Compel Arbitration [Dkt # 17] is **RESERVED**;

(2) There shall be a trial limited to a fact-finding as to whether the signature on the subject arbitration agreement is that of Plaintiff;

(3) The parties are to contact the In-Court Deputy Clerk by **September 11, 2009** to conduct a scheduling conference regarding the trial;

(4) The Defendants and plaintiff are each entitled to one expert handwriting witness;

(5) All issues not pertaining to whether the subject signature is in fact that of the Plaintiff are hereby **STAYED** until resolution of the matter set for trial.

DATED this 1st day of September, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7